**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PFS INVESTMENTS INC. et al.,<br><br>Plaintiffs in Interpleader,<br><br>v.<br><br>SHELLEY LOGAN and JUDY AMREIN,<br><br>Defendants in Interpleader. | Case No. 1:26-cv-04553 JLT FJS<br><br>ORDER GRANTING MOTION FOR PERMANENT INJUNCTION<br><br>(Doc. 7) |

The complaint alleges that Shelley Logan and Judy Amrein both claim they are solely entitled to the proceeds of an IRA. The plaintiffs in intervention assert that the Court should enjoin an action brought by Shelley Logan against Primerica Advisors, which is proceeding in the District Court for the Southern District of New York. (Doc. 7) For the reasons set forth below, the motion for a permanent injunction (Doc. 7) is **GRANTED**.

## I. Background

In November 2020, Mervin Logan died. (Doc. 1 at 3) When that happened, his wife Karen Logan "became the 100% owner of the assets in Merwin Logan's IRA account, and those assets were subsequently transferred into Karen Logan's pre-existing IRA account No. 3356 at Primerica"[1] in Fresno, California.[2] *Id.*; Doc. 7 at 6. On June 19, 2023, "Karen Logan signed an

[1] Primerica is a "broker-dealer" "doing business under the name 'Primerica Advisors." (Doc. 7 at 9) it is

IRA Beneficiaries & Certification form and hand-wrote a note that read, 'Please make Shelley Logan the primary beneficiary on my account 100%.'" (Doc. 1 at 3) "In the Spring of 2024, during a discussion between Karen Logan and her Primerica financial advisor, Karen Logan directed her financial advisor to change the beneficiary designation on [the Primerica account] from her step-daughter (Shelley Logan) to her sister (Judy Amrein)." *Id.* at 5-6. Consequently, "Karen Logan's Primerica financial advisor undertook to follow Karen Logan's direction, and as a result, Judy Amrein was thereafter listed as the primary beneficiary . . ." *Id*. at 6. "Karen Logan died on January 20, 2025." (Doc. 1 at 3) By this time, the account was worth about $500,000. *Id*. at 4-5. "Shelley Logan and Judy Amrein have made, and continue to make, competing and inconsistent claims to the assets associated with" the Primerica account. (Doc. 1 at 6)

Plaintiffs tried to obtain a stipulation from Ms. Logan and Ms. Amrein to allow the plaintiffs to interplead the disputed funds into court. (Doc. 1 at 2) However, these efforts were not successful. *Id*. at 2. While these discussions were underway, on May 5, 2026, Shelley Logan, who resides in the State of Washington, filed an action in the Supreme Court of the State of New York. (Doc. 7 at 7-8) This action was removed to the Southern District of New York on June 12, 2026. (Doc. 7 at 7-8; Doc. 7-1 at 3) The New York lawsuit named Primerica as the defendant. (Doc. 7-1 at 8) Though she alleged that Amrein had a competing claim to the Primerica account, Logan did not name Amrein.[3, 4] *Id*. at 18. Logan alleged, "Primerica feigns ignorance to the fact that its actions have created the false narrative that Ms. Logan and Ms. Amrein have competing claims, when, by the terms of Primerica's own Custodial Agreement and the administrative steps it took in response to the Decedent's verbal requests, Ms. Amrein lacks any lawful claim to

---

the "sponsor of Primerica Advisors Lifetime Investment Program. (Doc. 1 at 2) "Primerica is the entity where Decedent maintained her IRA account. Pershing . . . acts as the custodian for certain Primerica accounts, including Decedent's IRA account." (Doc. 7 at 9)

[2] Logan alleged in her New York lawsuit that upon Mervin Logan's death, Karen Logan rolled Mervin's IRA account into a "temporary holding account" and then combined it with Karen's preexisting IRA account, "creating a new IRA account." (Doc. 7-1 at 17) She alleges that until Karen created the "new IRA account," Karen designated Logan and Logan's sister "as beneficiaries, [with] each receiving 50% of the assets." *Id*.

[3] Even still, Logan alleged, "Ms. Logan is the lone named and written beneficiary of the IRA at issue." (Doc. 7-1 at 16)

[4] Amrein is a resident of California.

beneficiary status with respect to the IRA or the assets held therein." *Id.*

Logan's New York lawsuit brings causes of action for breach of contract based on Primerica's failure to require a written change of beneficiary form and, instead, changing the beneficiary designation upon Karen Logan's verbal request. (Doc. 7-1 at 20-21) She alleges a claim for breach of fiduciary duty and a claim for "negligence and gross negligence" for the same reasons. *Id*. at 21-23. She also alleges a conversion claim based upon Primerica's refusal to distribute the account ownership to her and seeks declaratory judgment that "(i) any purported change of beneficiary to Ms. Amrein is invalid; (ii) Ms. Logan is the sole lawful beneficiary of the IRA; and (iii) Primerica is obligated to distribute the IRA assets to Ms. Logan." *Id*. at 23-24.

The plaintiffs filed this action on June 11, 2026. (Doc 1) In the complaint-in-interpleader, the plaintiffs seek to interplead the proceeds of the IRA and a restraining order prohibiting the New York lawsuit—or any other court actions—during the pendency of this action. *Id*. Along with this, the plaintiffs filed a motion for permanent injunction seeking to preclude Logan from pursuing the New York litigation. (Doc. 7)

## II. Interpleader

There are two forms of interpleader actions: Rule interpleader under Federal Rule of Civil Procedure 22 and statutory interpleader brought under 28 U.S.C. § 1335. Under Rule 22, the plaintiff-in-intervention must establish subject matter jurisdiction, whether federal question (28 U.S.C. § 1331) or diversity jurisdiction (28 U.S.C. § 1332). According to § 1332, if the plaintiff relies on diversity jurisdiction, there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000. Venue is proper according to 28 U.S.C. § 1391. In rule interpleader, deposit of the disputed funds is not required for the Court to assume jurisdiction. *Gelfgren v. Republic Nat. Life Ins. Co*., 680 F.2d 79, 81-82 (9th Cir. 1982).

Under statutory interpleader, there must be minimal diversity, meaning at least one claimant's residency is diverse from at least one other claimant. (28 U.S.C. § 1335) Also, the amount in controversy must exceed $500. *Id.* Venue is proper in any district where a claimant resides. 28 U.S.C. § 1397. Unlike rule interpleader, deposit of the disputed funds is a jurisdictional requirement. *Gelfren*at 82.

The complaint involves both forms of interpleader. (Doc. 1 at 4, ¶ 19; Doc. 1 at 6-8) In the First Cause of Action[5], the plaintiffs explicitly rely on Rule 22 for their interpleader claim. (Doc. 1 at 6) It alleges in paragraph 19, that the Court's jurisdiction is also invoked under § 1335. In their supplemental briefs, they explain that they are bringing the interpleader claim under Rule 22 and under § 1335. (Doc. 29 at 5; Doc. 33 at 5)

This explains why, in the Second Cause of Action, the plaintiffs seek a restraining order to preclude Ms. Logan from pursuing her New York litigation and base this cause cause of action on 28 U.S.C. § 2361, which requires the complaint to proceed on a statutory interpleader. (Doc. 1 at 7-8) Based upon these causes of action, ¶ 19 of the complaint and the plaintiffs' express statements in their supplemental briefs, it appears that the plaintiffs seek to rely on both forms of interpleader.[6] As described above, the plaintiffs allege that there are two claimants to the IRA. (Doc. 1 at 6) Because of this and based on the New York litigation (Doc. 1 at 6), the plaintiffs allege sufficiently that they face an actual threat of double liability.

Because there is no dispute that there is complete diversity of citizenship between the parties[7], because the IRA has a value of more than $75,000 and because Ms. Amrein lives in this judicial district, the Court finds it has jurisdiction in this interpleader action under Rule 22 and under § 1335.

## III. Deposit into the Court's registry[8]

Section 2361 of Title 28 of the United States Code provides this Court broad discretion to manage a statutory interpleader action without interference from competing actions. This section reads,

---

[5] In the Third Cause of Action, according to Federal Rules of Civil Procedure 37 and 28 U.S.C. § 2201, the plaintiffs seek declaratory relief related to their action in bringing the interpleader action. *Id.* at 8-9. Finally, in the Fourth Cause of Action, the plaintiffs seek fees and costs related to the interpleader action. *Id.* at 9.

[6] Though the complaint could be clearer, neither defendant asserts that § 2361 does not apply based upon the state of the pleading.

[7] Logan no longer contests that complete diversity exists. (Doc. 27 at 2)

[8] Plaintiffs argue that the Court also has authority to issue an injunction in this case "under Rule 65, the All Writs Act, 28 U.S.C. § 1651(a), and its inherent equitable powers to protect its jurisdiction over the disputed IRA account and prevent parallel litigation from undermining the Court's ability to render a complete and effective judgment." (Doc. 33 at 6) Because the Court finds that § 2361 applies—and no party disputes this—the Court declines to consider the motion on these other grounds.

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title[9], a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

Section 2361 applies only to a statutory interpleader action and does not apply to a Rule 22 interpleader action. Section 1335 provides,

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, . . . ., if
>
> (1) Two or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such money or property . . . ; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.
>
> (b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

The fact that the First Cause of Action carries the heading referencing Rule 22 is not determinative (Fed. R. Civ. P. 8(e) [“Pleadings must be construed so as to do justice.”]), and it does not preclude the Court from issuing an injunction under § 23661, if the requirements of § 1335 are met. One important requirement is the making of a deposit of the money, a bond or the property into the Court’s registry.

The plaintiffs note that the IRA at issue is made up of uncertificated securities, which “are not “money or some other deliverable thing” as contemplated by FRCP Rule 67(a), and hence uncertificated securities such as the assets associated with Primerica Account No. 3356 cannot be deposited or directly interpled with the Court.” (Doc. 1 at 6) The seek to maintain the interpleader

[9] The complaint (Doc. 1 at 8) deletes the reference to § 1335.

action but wish to maintain the IRA in its current form. They cannot have it both ways. Though it appears that the plaintiffs are seeking to preserve the value of the IRA, depositing the property or the value of the disputed property is necessary to give rise to this Court's jurisdiction. § 1335(a).

In *Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc*., 368 F. Supp. 3d 460, 486 (E.D.N.Y. 2019), the court considered the argument of the plaintiff that because the res was made up of securities, depositing the securities with the court was not possible because deposit would require the sale of the securities. The plaintiff argued also that if it was required to post a bond, there would be no way to determine the amount of the bond due to the fluctuating values of the securities. *Id*. at 485. The court rejected the arguments that no deposit was required. *Id*. The court noted that deposit of the disputed property is a prerequisite to the court obtaining authority under § 1335. *Id*. The court noted also that the "purpose of the deposit requirement is not to maintain the status quo, as Madison Stock argues; rather, it 'is to assure the safety of the disputed stake, thereby facilitating enforcement of the Court's ultimate judgment.'" quoting *Price & Pierce Int'l, Inc. v. Spicers Int'l Paper Sales, Inc.*, No. 84-CV-3728, 1984 WL 635, at *3 (S.D.N.Y. July 16, 1984). The court also rejected the argument that the deposit requirement was "unfair" to the interpleader and noted, "it is the price of entry into federal court." *Id*. at 486.

The Court adopts the rationale of *Madison Stock Transfer.* Therefore, **within three court days**, the plaintiffs **SHALL** deposit with the Court either the documents necessary for final disposition of the securities at issue or a bond in the amount of the value of the IRA on the date this order is issued. *Price & Pierce Int'l, Inc.* at 485-486.

**IV. The motion for permanent injunction**

The plaintiffs contend that a permanent injunction is necessary because the New York litigation will not resolve the competing claims to the IRA because it does not name Judy Amrein. Thus, though the New York court could determine that Logan is the true beneficiary, this determination would not impact Amrein's claim who could still demand the IRA from the plaintiffs. (Doc. 7) Notably, an interpleader action must be filed when one of the claimants reside. 28 U.S.C. § 1397. Neither Logan nor Amrein resides in New York.

Logan argues that she had no choice but to file the New York action because she had

spent months being "continually rebuffed" in her quest to obtain the assets from Primerica, which refused to accede to her demands. (Doc. 22 at 5) Even so, she offers no explanation as to why she failed to name Amrein—or Pershing LLC, for that matter (Doc. 7-1 at 13)—or having failed to do so, why the plaintiffs would be insulated from further claims by Amrein for ownership of the IRA.

Logan argues that the claims she raises in the New York action are more expansive than those raised in this case without disputing that she seeks a determination that she is the true beneficiary and, consequently, she seeks the money. *Id*. at 1. She argues, "Plaintiffs mischaracterize the New York action as asking *only* "who gets the IRA," *i.e.*, the Individual Retirement Account that is the subject of this later-filed action. *Id*., emphasis added. However, she glosses over the fact that none of the claims she brings in New York can succeed *unless* the court determines first that she is the rightful beneficiary of the IRA. Her artful pleading—describing herself as the "lone named and written beneficiary of the IRA at issue" (Doc. 7-1 at 17)—and her arguments at the hearing on this motion—do not avoid that this obvious conclusion.

Logan's reliance on *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1006-1007 (9th Cir. 2012) does not help her. *Lee* stands for the relatively unremarkable proposition that an interpleader action will not shield a tortfeasor from liability as to "counterclaims that are not claims to the interpleaded funds." *Id*. at 1009-1010. The Court held, "For these reasons, we [hold] that the federal interpleader remedy does not shield a negligent stakeholder from tort liability for its creation of a conflict over entitlement to the interpleaded funds. It follows logically from this principle that a claimant may seek to recover all damages directly and proximately caused by the negligent stakeholder's conduct." *Id*. at 1014.

Consistent with *Lee's* holding, the plaintiffs do not seek to shield themselves from liability to the extent that any can be imposed and note instead that Logan can file a counterclaim in this action to raise those claims brought in New York. Indeed, before filing their complaint, the plaintiffs asked Logan to consent to transfer her New York action to this Court, if she was not amenable to dismissing it, and she refused. (Doc. 23-1 at 5) Because the New York court's determination of the litigation brought by Logan poses the significant risk of inconsistent

determinations and because it causes plaintiffs to face an actual threat of double liability, that action should not proceed.

**CONCLUSION**

For the reasons above, the Court **ORDERS**:

1. The motion for a permanent injunction (Doc. 7) is **GRANTED.** Ms. Logan and all persons acting in concert with her, are enjoined from prosecuting or maintaining *Logan v. Primerica Advisors, LLC, et al.*, now pending in the Southern District of New York as Case 1:26-cv-04995, following removal from the Supreme Court of the State of New York (Index No. 652662/2026), during the pendency of this statutory interpleader action, to the extent that the New York lawsuit seeks to adjudicate rights to the IRA or otherwise affects the interpleaded property;

2. All claims concerning entitlement to the disputed IRA assets SHALL be litigated exclusively in this action;

3. The injunction is **STAYED** for **<u>three court days</u>** to allow the plaintiffs <u>either</u> to deposit the documents referenced above <u>or</u> to post a bond to cover the full amount of the value of the IRA on the close of business on the day his order is issued.

IT IS SO ORDERED.

Dated: _August 25, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE